IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Richard Girard, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 3:21-cv-50460 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Menard, Inc., ) | |
| ) | |
|     *Defendant*. ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's second motion to strike Plaintiff's Rule 26(a)(2)(C) disclosures [76] is granted in part and denied in part. By June 20, 2023, Plaintiff shall amend his expert disclosure for Dr. Holly Carobene to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C).

### BACKGROUND

Plaintiff brings this action against Defendant Menard, Inc., alleging premises liability and negligence for injuries he sustained at a Menard's retail store on September 17, 2020 when he tripped over merchandise in the aisleway. Dkt. 39. On March 1, 2023, Plaintiff served his expert disclosures, which included a list of eight of Plaintiff's treating physicians. Defendant moved to strike those expert disclosures as insufficient under Rule 26(a)(2). In response, Plaintiff provided amended expert disclosures on March 15 and April 12, 2023, which now include nine treating physicians. Dkts. 76-1, 76-2.

Defendant has filed a second motion to strike Plaintiff's expert disclosures as not compliant with Rule 26(a)(2). Dkt. 76. Plaintiff responded, and Defendant replied to the motion. Dkts. 80, 82.

1

**DISCUSSION**

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, 705." Fed. R. Civ. P. 26(a)(2)(A). This rule divides expert witnesses into two categories, one of which requires written reports and the other only summary disclosures. For experts "retained or specially employed to provide expert testimony in the case," a party must provide a detailed written report compliant with Rule 26(a)(2)(B). For non-retained experts, a party is only required to disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Here, Plaintiff has disclosed nine of his treating physicians pursuant to Rule 26(a)(2)(C). Defendant has filed a motion to strike these disclosures as insufficient, arguing that the treating physicians must be disclosed pursuant to Rule 26(a)(2)(B), along with the required written reports. Defendant also argues that Plaintiff's summary disclosure for one physician does not comply with Rule 26(a)(2)(C).

**I. Rule 26(a)(2)(B)**

Defendant first argues that eight of the nine treating physicians Plaintiff disclosed must be considered retained experts and required to provide written reports pursuant to Rule 26(a)(2)(B). Plaintiff states that his treating physicians are not "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Under the plain language of Rule 26, no written report is required.

Defendant relies on *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-735 (7th Cir.2010), to argue that Plaintiff's treating physicians should be considered retained experts. In *Meyers*, the Seventh Circuit held that "a treating physician who is offered to provide expert

2

testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." 619 F.3d at 734-35. Defendant argues that Plaintiff's treaters are similarly offering opinions on causation that were not formed in the course of treatment. In support, Defendant points out that Plaintiff's counsel reached out Drs. David Schneider and Bryan Bertoglio to request "*new* opinions that were not generated during their treatment" and the treaters relied on additional medical records that they did not have when treating Plaintiff to formulate the opinions in their narrative reports. Def.'s Mt. at 3-4, Dkt. 76 (emphasis in original). The Court is not convinced that either of these arguments require Drs. Schneider and Bertoglio to provide an expert report under Rule 26(a)(2)(B).

Although Plaintiff's counsel contacted these doctors after this lawsuit was filed, he did so to seek further clarification of their opinions based on their treatment of Plaintiff. *See Valentine v. CSX Transp., Inc.*, 1:09-CV-01432-JMS, 2011 WL 7784120, at *3 (S.D. Ind. May 10, 2011) (finding that counsel's request for information from the plaintiff's treater after the commencement of litigation "fail to show that Dr. Burkle developed his opinions in anticipation of litigation."). Plaintiff also did not provide additional records for the treaters to consider in forming their opinions. Defendant points out that in providing their narrative reports, Dr. Schneider reviewed all of Plaintiff's medical records which were available in Epic and Dr. Bertoglio referenced Plaintiff's treatment with other providers. However, there is no evidence that Plaintiff's treaters reviewed anything other than Plaintiff's treatment history or arrived at any opinions that were not within the scope of their treatment relationship with Plaintiff. *See Equal Employment Opportunity Comm'n v. Meffert Oil Co., Inc.*, 11-CV-360-WMC, 2012 WL 13042519, at *2 (W.D. Wis. June 27, 2012)

3

(finding that the treating physicians were only required to provide a summary disclosure where there is no indication that the doctors conducted any tests or arrived at opinions solely for the purposes of a legal dispute).

Defendant similarly argues that Drs. Gregory Brebach, Mark Thompson, Todd Bannen, Ranjana Sooya, Nicholas Malooley, and Cort Lawton should be disclosed as Rule 26(a)(2)(B) witnesses because they are expected to testify to post-litigation opinions on causation, prognoses, and permanent restrictions. But again, there is no indication that their expected opinions relating to causation are outside of the scope of their treatment of Plaintiff. Based on the narrative reports and disclosures provided, Plaintiff's treating physicians are expected to testify only to the opinions they formed based on their treatment of Plaintiff, his treatment records, and information they obtained while treating Plaintiff. Such testimony does not require a written report pursuant to Rule 26(a)(2)(B).

Moreover, the Court is mindful that Rule 26 was amended in 2010 to add subpart C, which mandated summary disclosures for non-retained experts, including physicians or other health care professionals. *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note (2010 amendment). "[T]o give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony." *Malibu Media, LLC v. Harrison*, 1:12-CV-01117-WTL, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) (internal quotation marks and citation omitted). A "treating physician is a 26(a)(2)(C) witness because his opinion arises from his ground-level involvement in the events giving rise to the ligation, and not because of his enlistment as an expert." *Id.* This ground-level involvement is precisely the opinion testimony that Plaintiff is disclosing for his treaters.

4

The amendment was intended to resolve the "tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note (2010 amendment). The purpose of Rule 26(a)(2) is to permit "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), advisory committee's notes (1993 amendment); *see also Meyers*, 619 F.3d at 735 n.3 (noting that the district court retains the power to order physicians to prepare a written expert report when necessary to "provide fair disclosure to the opposing party"). Plaintiff has satisfied this purpose here by providing summary disclosures that outline the expected testimony from his treating physicians to prevent any surprise to Defendant and to enable it to respond by disclosing its own experts or deposing Plaintiff's treating physicians. Accordingly, this Court finds that Plaintiff's treating physicians are not required to submit written reports pursuant to Rule 26(a)(2)(B).

**II. Rule 26(a)(2)(C)**

Defendant also argues that Plaintiff has not complied with Rule 26(a)(2)(C) in "disclosing the remainder of his treating physicians." Def.'s Mt. at 6, Dkt. 76. The only physician Defendant has not yet addressed is Dr. Holly Carobene from Northwestern Medicine. Plaintiff provided the following disclosure:

> Subject: The injuries to and condition of Plaintiff, the medical treatment rendered to Plaintiff, the results of x-rays and other diagnostic testing, diagnosis and prognosis, the need for future care and treatment and other matters as contained in his records, bills and reports and other matters as may be testified to in deposition, if taken.

Dkt. 76-2 at 3.

Defendant argues that Plaintiff's disclosure fails to identify the opinions to which Dr. Carobene is expected to testify. This Court agrees. The disclosure required by Rule 26(a)(2)(C) is a summary, not a report, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *See* Fed. R. Civ. P. 26(a) advisory committee's note (2010 amendment). Nevertheless, Rule 26(a)(2)(C) explicitly requires a summary of the expert's expected opinions. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii) (requiring "a summary of the facts and opinions to which the witness is expected to testify"). "Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report." *Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012), as amended (Feb. 2, 2012).

Here, Plaintiff's disclosure fails to identify what opinions Dr. Carobene is expected to offer as required by 26(a)(2)(C). Although Plaintiff identifies the general subject matter for Dr. Carobene's opinions, merely referencing the doctor's treatment, diagnoses, and medical records is not a summary of her expected opinions. *See Ballinger v. Casey's Gen. Store, Inc.*, 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012) (holding that pointing to medical records alone does not comply with Rule 26(a)(2)(C)'s requirement to provide a summary of the expected testimony). Defendant is not required to wade through medical records to figure out what the doctor may testify to. It is Plaintiff's obligation to provide information regarding the expected testimony of his expert witness to give Defendant adequate notice of the substance of the doctor's expected testimony to allow Defendant to decide whether to depose her or retain a rebuttal expert. As such, by June 20, 2023, Plaintiff shall amend his expert disclosure for Dr. Carobene to comply

6

with the requirements of Fed. R. Civ. P. 26(a)(2)(C), namely to provide a summary of the opinions to which she is expected to testify.

Date: June 6, 2023  By: *Lisa A. J*
  Lisa A. Jensen
  United States Magistrate Judge